UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEVI STRAUSS & CO.,,

Plaintiff,

v.

AQUA DYNAMICS SYSTEMS, INC.,

Defendant.

Case No. 15-cv-04718-WHO

**ORDER DENYING MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL**

Re: Dkt. No. 62

On October 18, 2016, I granted defendant Aqua Dynamic Systems, Inc.'s motion to compel arbitration. Dkt. No. 59. Levi seeks permission to take an interlocutory appeal of decision to the Federal Circuit under 28 U.S.C. § 1292(b).[1] Dkt. No. 62.

Levi argues that an interlocutory appeal is necessary because my decision to apply state law (instead of more restrictive federal law) in determining whether Aqua had standing invoke the arbitration provision raises a "novel and difficult" question of first impression. Reply 7. Simply because no other judge has decided the issue that was presented to me does not make that issue difficult. *See Couch*, 611 F.3d at 633 ("However, 'just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal.'" (*quoting* 3 Federal Procedure, Lawyers Edition § 3:212 (2010)).

---

[1] Under § 1292(b), a court may certify an order for interlocutory appeal only where three tests are satisfied: (1) the order involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. "Courts traditionally will find that a substantial ground for difference of opinion exists where "'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (*quoting* 3 Federal Procedure, Lawyers Edition § 3:212 (2010)).

The federal law and cases relied on by Levi in support of its argument have existed for decades. That Levi was unable to find a case on point applying the more restrictive federal law in the context of a licensor's transfer of rights leads to the conclusion that Levi is not seeking clarification of existing law, but rather an expansion of it. Even assuming that application of federal law as opposed to state law is a controlling issue in this case, Levi has not shown that there is a *substantial* ground for difference of opinion.

Moreover, I doubt that allowing this case to go on an interlocutory appeal to the Federal Circuit would advance the ultimate termination of this litigation. As the parties well know, the business relationship between them and the various demands made by both sides have been sputtering along for over a decade. I issued the Order compelling arbitration over seven months ago. The parties have agreed to a panel of arbitrators. This business dispute should have met a speedier end. Prolonging the life of this litigation to take an interlocutory appeal makes little sense and creates prejudice to Aqua in delaying the clarification of the parties' respective rights and obligations.

The motion to certify for interlocutory appeal is DENIED.

**IT IS SO ORDERED.**

Dated: June 1, 2017

William H. Orrick
United States District Judge